WATSON, Judge
(dissenting):
With respect I dissent from the conclusions reached by the majority.
To me the sand which was hydraulically lifted from the borrow pit and transported to fill-embankments a thousand or more feet distant was obviously “severed”, within the plain meaning of the word and also within the meaning of LSA-R.S. 47:634 (3), which reads as follows:
(3) “Severed” means the point at which the natural resources are severed from the surface of the earth or water.
The sand was severed [1] from the surface of the earth and put somewhere else to serve a different purpose. The severance, in my opinion, was permanent (if such be required) in that the sand was incorporated into runways which will be there for many years.
The gas reinjection analogy is not valid in my opinion because reinjection is exempt by statute. LSA-R.S. 47:633.
Likewise, the Agerton decision is not authority for the majority view, since the constitutional amendments were regarded as controlling in that case. Agerton v. City of Lake Charles, 273 So.2d 353 (La.App. 3 Cir. 1973).
Thus I disagree with the reasoning upon which the trial court and the majority found no tax liability.
For these reasons I respectfully dissent.

. Or separated, cut off, divided, parted, broke apart, disjoined — to use Black’s Law Dictionary’s terminology; or put apart, divided, removed — to use the wording from Webster’s Dictionary.